Robert A. HARRIS et al., Appellants,

v.

Walter N. TOBRINER et al., Appellees.

Nos. 16617, 16710.

United States Court of Appeals
District of Columbia Circuit.

Argued March 21, 1962.

Decided May 3, 1962.

Mr. Maurice Friedman, Washington, D. C., for appellants.

Mr. Richard W. Barton, Asst. Corp. Counsel for Dist. of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellees.

Before BAZELON, BASTIAN and BURGER, Circuit Judges.

BAZELON, Circuit Judge.

D.C.Code § 1–719 (1961) authorizes the District Commissioners to promulgate "rules and regulations respecting the production, use, and control of electricity * * * [which] will afford safety and convenience to the public." Acting pursuant to that authority, the Commissioners issued Art. 810, § 8123.2 of the District of Columbia Electrical Code. It provides: "indoor antennas and indoor lead-ins shall not be run nearer than two inches to conductors or other wiring systems in the premises * * *." This case presents the question whether the Department of Licenses properly construed that section of the Code to pro-

hibit the running of television lead-in wires and telephone wires in the same conduit.

The controversy arose after Appellant Harris, an electrical contractor, installed lead-in wires for a master television antenna system in metal conduits leading into each apartment in a building owned by appellant Riggs Investment Corporation. The conduits already contained telephone wires. Following a complaint by the telephone company that one of its employees had received a shock from the conduit, the Department of Licenses and Inspections of the District of Columbia notified Harris that the installation violated the section of the Code to which we have referred. Accordingly, the Department ordered Harris to remove the lead-in wires from the conduits. Harris refused and appealed the order to the District of Columbia Board of Appeals and Review, which affirmed. Harris and Riggs Investment Corporation then brought this action against the District Commissioners for an injunction and declaratory relief.

Their complaint alleged, *inter alia,* that § 8123.2 of the Electrical Code had never before been construed to prohibit running television antenna lead-in and telephone wires in the same conduit, and that that construction is arbitrary and beyond statutory authority because there is no reasonable connection between the prohibited installation and the health, safety and welfare of the public. The complaint alleged further that the absence of such a connection was established by the uncontroverted testimony

adduced before the Board of Appeals and Review.[1] Without filing a record or summary of the proceedings before the Board, the defendants moved for summary judgment. The District Court granted their motion.

Thereupon appellants filed a motion for reconsideration supported by Harris' affidavit that he believed "that it is necessary for a proper understanding of this case that the Court should have an opportunity to review the testimony by examining a copy of the transcript of the hearing before the Board of Appeals and Review; otherwise, I believe that I will be deprived of my right to a full and fair hearing and review of the action of said Board." Reconsideration was denied, and this appeal followed.

We think the motion should have been granted. Appellants are entitled to a review of the record made before the Board of Appeals and Review.[2]

Reorganization Order No. 122, which creates the Board, empowers it to take testimony under oath, to subpoena witnesses, to hear oral argument, and to make findings of fact and conclusions of law. The Order also directs the Board to "be responsible for the preparation and maintenance of an adequate record of its proceedings * * *." It seems clear that the Board functions as a quasi-judicial body. Accordingly, judicial review of its decisions should be based upon the record of its proceedings. Cf. Kessler v. Strecker, 307 U.S. 22, 34–35, 59 S.Ct. 694, 83 L.Ed. 1082 (1939); Tagg Bros. & Moorhead v. United States,

---

1. Upon oral argument in this court, appellants' counsel stated categorically that the installation condemned by the Department could not possibly injure telephone users or repairmen.

2. We reject appellees' suggestion that we take judicial notice that an incompetent repairman might injure or kill a telephone user by connecting the television lead-in to the high voltage in a television set. That possibility allegedly establishes the validity of the challenged regulation. We may take judicial notice of the presence of lethal voltages in television sets.

Cf. Central Union Tel. Co. v. City of Conneaut, 167 Fed. 274 (6th Cir. 1909); Dierks Lumber & Coal Co. v. Brown, 19 F.2d 732 (8th Cir. 1927). But in view of appellants' vigorous denial that 'an incompetent repairman could cause injury in the manner suggested, we think the hazard appellees fear must be established by competent evidence. See Soyland v. Farmers' Mut. Fire Ins. Co., 71 S.D. 522, 26 N.W.2d 696, 173 A.L.R. 1202 (1947). Cf. Remick v. Clousing, 205 Minn. 296, 285 N.W. 711, 123 A.L.R. 465 (1939).

280 U.S. 420, 443–44, 50 S.Ct. 220, 74 L.Ed. 524 (1930); Minkoff v. Payne, 93 U.S.App.D.C. 123, 210 F.2d 689 (1953). See generally Note 65, Harv.L.Rev. 1217, 1220 (1952); 42 Am.Jur. Pub. Admin. Law § 224 (1942). Compare Jordan v. American Eagle Fire Ins. Co., 83 U.S. App.D.C. 192, 169 F.2d 281 (1948); Columbia Auto Loan v. Jordan, 90 U.S. App.D.C. 222, 196 F.2d 568 (1952). See also Jaffe v. State Dept. of Health, 135 Conn. 339, 64 A.2d 330, 6 A.L.R.2d 664 (1949).

The order granting the defendants' motion for summary judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

So ordered.